IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY LEE FOLKS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0234-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeffrey Lee Folks, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of aggravated sexual assault and sentenced to 60 years confinement. His conviction and sentence were affirmed on direct appeal. *Folks v. State*, No. 05-99-01889-CR, 2001 WL 527683 (Tex. App.--Dallas, May 18, 2001, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Folks*, No. 61,683-01 (Tex. Crim. App. Jul. 27, 2005). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) he was denied his right to an appeal and to seek post-conviction relief; and (2) the trial court improperly allowed evidence of a prior conviction that was stricken from the enhancement paragraph of the indictment.

By order dated March 3, 2006, the court *sua sponte* questioned whether this case was time-barred and invited petitioner to address the limitations issue in a written reply. Petitioner filed a reply on March 30, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 60 years confinement for aggravated sexual assault. The court of appeals affirmed his conviction on May 18, 2001. Petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter, or on June 18, 2001.[1] TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed an application for state post-conviction relief on January 26, 2005. The application was denied on July 27, 2005. Petitioner filed the instant case on February 2, 2006.

The limitations period started to run on June 18, 2001, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). Yet petitioner waited more than *three years* before seeking state or federal post-conviction relief. In an attempt to excuse this delay, petitioner first argues that he was denied access to trial transcripts needed for his state writ. This does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *Hicks v. Dretke*, No. 3-05-CV-1068-L, 2005 WL 3150602 at *2 (N.D. Tex. Nov. 23, 2005) (lack of access to trial transcripts does not merit equitable tolling); *Hickerson v. Kaylo*, No. 03-1237, 2004 WL 241688 at *4 (E.D. La. Feb. 6, 2004) ("Without a showing that [p]etitioner specifically required the transcripts to file his state application, the Court cannot deem this apparent delay in processing his request for transcripts to have been an impediment to filing his post conviction relief application."). Moreover,

---

[1] The 30th day after petitioner's conviction was affirmed fell on Sunday, June 17, 2001. As a result, petitioner had until Monday, June 18, 2001, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

even if the court were inclined to excuse the three-year delay in seeking state post-conviction relief, petitioner wholly fails to explain why he waited more than *six months* after his state writ was denied before seeking federal habeas relief.  *See Gutierrez v. Cockrell*, No. 01-41148, 45 Fed.Appx. 321 (5th Cir. Jun. 19, 2002) (petitioner not entitled to equitable tolling where he waited nearly one year after receiving notice of state court action to pursue post-conviction remedies); *Selvage v. Johnson*, No. 2-00-CV-0114-J, 2001 WL 194748 at *3 & n.5 (N.D. Tex. Feb. 23, 2001) (same).

Petitioner further contends that an unspecified mental disability prevented him from researching and briefing the issues raised on collateral review.  Although the Fifth Circuit has recognized that mental incompetency may support a claim of equitable tolling, *see Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), petitioner does not allege, much less prove, that his mental health problems rise to the level of mental incompetency.  Nor has petitioner shown that his mental disabilities prevented him from seeking post-conviction relief during the AEDPA limitations period.  *See Heidle v. Dretke*, No. 3-04-CV-2627-D, 2005 WL 81716 at *1 (N.D. Tex. Jan. 12, 2005), *rec. adopted*, 2005 WL 465154 (N.D. Tex. Feb. 28, 2005) (conclusory assertions of mental illness insufficient to justify equitable tolling of limitations period); *Hennington v. Johnson*, No. 4-00-CV-0292-A, 2001 WL 210405 at *2 (N.D. Tex. Feb. 28, 2001), *COA denied*, No. 01-10395 (5th Cir. Aug. 23, 2001) (same).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE